Filed 12/22/15  P. v. Stevens CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL STEVENS,<br><br>        Defendant and Appellant. | A145587<br><br>(Alameda County<br>Super. Ct. No. C129325) |

Michael Stevens appeals from the denial of his motion to correct the record to show that he was convicted of a violation of Health and Safety Code section 11352,[1] not, as the record erroneously indicates, section 11351.5.  His court-appointed counsel has filed a brief raising no legal issues and requesting that this court independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Counsel represents that he advised appellant he may personally file a supplemental brief on his own within 30 days, raising any points which he chooses to call to the court's attention, but appellant has not filed such a brief.

**FACTS AND PROCEEDINGS BELOW**

As will be seen, appellant's criminal conduct is irrelevant to this appeal; the only facts that are relevant are those pertaining to appellant's plea.

On January 28, 1997, the Alameda County District Attorney filed an information charging appellant with transportation and/or sale of cocaine base, in violation of section

_____

[1] All further statutory references are to the Health and Safety Code.

1

11352 (count one); possession of cocaine base (§ 11351.5) (count two); and possession for sale of cocaine powder (§ 11351) (count three). A little more than two weeks later, appellant pleaded not guilty to all charges and all allegations.

On December 29, 1997, pursuant to a negotiated disposition, he pleaded guilty to count two, possession for sale of cocaine base, in return for a state prison sentence of three years, the low term, and dismissal of the remaining charges and allegations.

Approximately 18 years later, on April 15, 2015, appellant filed a "Motion to Correct the Record From 11351.5 H.S. to 11352 H.S." As material, the motion stated as follows: "On July 2, 1998, petitioner was sentenced to 3 years in State Prison for 11352 on the agreement he accepted. The record shows 11351.5. H.S. as conviction. Petitioner ask [*sic*] the Honorable Court to look over the plea colloquy between Judge and Petitioner along with plea agreement and sentencing transcript to correct the record."

On May 29, 2015, the Honorable Larry Goodman denied appellant's motion, stating: "The court has reviewed defendant's file. The record of conviction reflects that defendant pled guilty to a violation of . . . section 11351.5, as reflected in count [two] of the Information, and the abstract reflects the correct conviction and sentence."

The colloquy appellant refers to between himself and the judge who took his plea, the Honorable Stanley P. Golde, took place on December 29, 1997. The entire colloquy is set forth in just two pages. The hearing commences with appellant's counsel's statement to Judge Golde that appellant was going to enter a plea to "an 11351.5," which was set forth in "count two," and that "count one is going to be dismissed" as were "the other clauses and priors." Judge Golde then informed appellant of each of the rights he would have if the case went to trial and would be giving up by entering a plea, and inquired whether appellant understood he would be forfeiting those rights and did so "freely and voluntarily." After appellant answered "yes," Judge Golde asked appellant: "To a violation of section 11351.5, as charged in the second count, what is your plea?" and appellant answered: "Guilty."

As Judge Goodman noted in denying appellant's motion, the abstract of judgment also notes that appellant was convicted on "count two," which charged "H.S. 11351.5" "poss. cocaine base/sale."

Appellant's motion to correct the record was properly denied. Our review of the record discloses no arguable issues that require further briefing.

## DISPOSITION

The order denying appellant's motion to correct the record is affirmed.

_____
Kline, P.J.

We concur:

_____
Richman, J.

_____
Stewart, J.

3